UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE No.  6:23-mj-2348-EJK

JOSHUA JOSEPH GRAY

Defendant.

### DEFENDANT JOSHUA JOSEPH GRAY'S MOTION TO DISMISS

The Defendant, Joshua Joseph Gray, has drafted this document alone. I did not ask my Standby Counsel to approve of the substance or form of this document. It is merely being e-filed by Standby Counsel to ensure proper filing and service upon the parties.  The Defendant moves this Court to dismiss this case with prejudice pursuant to the First Amendment to the United States Constitution, as well as, strict reading of 41 C.F.R. § 102.74.420.

### STATEMENT OF FACTS

The Defendant, Joshua Joseph Gray, has been charged with multiple counts of violating regulations: 41 C.F.R. § 102.74.420 & 41 C.F.R. § 102.74. 385 for filming on Federal property.

## ARGUMENT AND MEMORANDUM OF LAW

" The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest."  *Smith v. City of Cumming*(11th Cir.2000). *See Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994) (finding that plaintiffs' interest in filming public meetings is protected by the First Amendment); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First Amendment right to film matters of public interest"); *Iacobucci v. Boulter*, No. CIV.A. 94-10531, 1997 WL 258494 (D.Mass, Mar. 26, 1997) (unpublished opinion) (finding that an independent reporter has a protected right under the First Amendment and state law to videotape public meetings); see also *United States v. Hastings*, 695 F.2d 1278, 1281 (11th Cir.1983) (finding that the press generally has no right to information superior to that of the general public) (citing *Nixon v. Warner Communications, Inc.*,

435 U.S. 589, 609, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)); *Lambert v. Polk County*, 723 F.Supp. 128, 133 (S.D.Iowa 1989) ("[I]t is not just news organizations . who have First Amendment rights to make and display videotapes of events.")

The defendant is asking the Court to Dismiss all 41 C.F.R. § 102.74.420 violations. Setting aside the First Amendment issues above, 41 C.F.R. § 102.74.420 explicitly states:

> "§ 102-74.420 What is the policy concerning photographs for news, advertising or commercial purposes?
> Except where security regulations, rules, orders, or directives apply or a Federal court order or rule prohibits it, persons entering in or on Federal property may take photographs of —
> 
> **(a)** Space occupied by a tenant agency for non-commercial purposes only with the permission of the occupying agency concerned;
> 
> **(b)** Space occupied by a tenant agency for commercial purposes only with written permission of an authorized official of the occupying agency concerned; and
> 
> **(c)** Building entrances, lobbies, foyers, corridors, or auditoriums for news purposes.

In and Order Affirming Judgment of Dismissal, *United States v. Rosebock (2018)* United States District Judge explained:

> "Subsections (a) and (b) of the GSA regulation restrict photography taken for non- commercial and commercial purposes, respectively, without the consent of the occupying agency. 41 C.F.R. § 102-74.420(a)–(b). The universe of photographic purposes is restricted by these two subsections alone. No matter the photographic purpose, a photographer must seek permission from the occupying agency—except when taking photography authorized under the news photography subsection. Subsection (c), which permits news photography in certain locations, is best read as a qualification of subsections (a) and (b): permission need not be sought by persons who take photographs of "[b]uilding entrances, lobbies, foyers, corridors, or auditoriums for news purposes." Id. § 102-74.420(c)."

§ 102-74.420(c) outlines exactly where I could film in the building. I was in strict compliance with the code. In my capacity as a member of the Press, I was actively engaged in the gathering of information on matters of public interest. The Defendant, Joshua Joseph Gray, asks that all 41 C.F.R. § 102.74.420 counts be dismissed with prejudice.

As to the § 102-74.385 violations with respect to:

> "Persons in and on property must at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals."

All posted signage, as well as, the GSA Rules for Conduct on Federal Property posted cite 41 C.F.R. § 102.74.420. Any directive from security or

management must have been lawful in nature. I was never in any restricted area at any time. The flow of business was never hindered by my presence. I limited all of my news gathering activities to the public entrances, lobbies, foyers and corridors. Any directive to cease my activity would have been unlawful and a violation of my First Amendment rights.

In an partially redacted Department of Homeland Security, Operational Readiness Order dated March 30, 2018, Report # HQ-ORO-002-2018, the Background states:

> "The purpose of the bulletin was to remind FPS personnel and PSOs that the public has the right to photograph the exterior of federal facilities from public forums. Since the publication of the bulletin, FPS has experienced an increase in the public's interest in photographing and videotaping both exterior and interior of federal facilities protected by FPS, to include individual's expressing their First Amendment-protected rights by intentionally photographing and videotaping the exterior and interior of a federal facility and law enforcement in the course of their duties to test FPS law enforcement and PSO response. Also, new case law impacts the interpretation and implementation of FPS enforced regulations.
>
> (U/FOUO) To address this increase in photography and videotaping by the public, this Operational Readiness Order reiterates the 2010 guidance; provides clarification on the public's right to photograph publicly accessible federal facility building entrances, lobbies, foyers, corridors and auditoriums; and directs FPS law

enforcement personnel and PSOs to maintain security without adversely impacting the public's rights relating to photography and videotaping."

As a reminder, photography and videotaping, absent a criminal predicate, is a First Amendment protected activity."

## CONCLUSION

In light of the above, The Defendant, Joshua Joseph Gray, respectfully asks Your Honor to dismiss all charges against me with prejudice. The First Amendment to the Constitution protects my right to hold a light to the actions of the government.  To report on matters of public interest to the public.  Furthermore, the Defendant's actions complied with the letter of the code.

Respectfully submitted,

Joshua Joseph Gray 3/1/24

a/k/a Phocion Thegood

T/904-364-1949