UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                                            CASE NO. 6:23-mj-2348-EJK

JOSHUA JOSEPH GRAY
_____/

**ORDER**

This cause comes before the Court on Defendant Joshua Joseph Gray's Motion to Dismiss (the "Motion"), filed March 1, 2024. (Doc. 35.) For the reasons stated below and on the record at the March 20, 2024 Status Conference, the Motion is due to be denied.

I.   **BACKGROUND**

On November 28, 2023, Joshua Joseph Gray ("Defendant") was charged by Information with multiple counts of violating 41 C.F.R. §§ 102-74.385, failure to conform with signs and directions, and 102-74.420, unlawfully taking video recordings in violation of security regulations and in a space occupied by a tenant agency without the permission of the occupying agency. (Doc. 1.) These charges stem from Defendant's allegedly entering a federal building on multiple dates and filming inside, despite signs prohibiting filming and instructions to stop filming from federal police and security officers. (*Id.*) A bench trial is scheduled for May 16, 2024, before the undersigned. On March 1, 2024, Defendant filed the instant Motion to Dismiss. (Doc.

35.) The United States filed its Response in opposition to the Motion on March 15, 2024. (Doc. 40.) The Motion is now ripe for review.

## II.  STANDARD

An information must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An information is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which [they] must defend, and second, enables [them] to plea an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Paccholi*, 718 F.3d 1294, 1307 (11th Cir. 2013) (internal quotations omitted). The factual allegations contained in an information are examined in the light most favorable to the government; thus, a court must deny a motion to dismiss if the facts are sufficient to charge an offense as a matter of law. *United States v. Al-Arian*, 308 F. Supp. 2d 1322, 1332 (11th Cir. 2004). In evaluating a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment, and more specifically, "the language used to charge the crimes." *See United States v. Sharp*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). A court may not dismiss an information on a determination of facts that should have been developed at trial. *Id.* (quotations omitted) (citing *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)).

## III. DISCUSSION

In the Motion, Defendant does not challenge the sufficiency of the Information. Instead, Defendant asserts that, as a member of the press, he has a First Amendment right to film matters of public interest for news purposes in a public federal building. (Doc. 35 at 3–4.) Additionally, Defendant asserts that, based on the language of 41 C.F.R. § 102-74.420, he was in strict compliance with the statute based on the area he filmed in. (*Id.*) Although not challenged, the United States asserts that the Information in this case is sufficient because it contains the elements of the offenses that Defendant is charged with, fairly informs the Defendant of the charges against him, and enables him to exercise his double jeopardy rights in the future. (Doc. 40 at 2.) Additionally, at the March 20, 2024, Status Conference, the United States further asserted the Motion should be denied because whether Defendant is a member of the press, as contemplated by the regulation, and whether Defendant was filming in an area where filming is authorized under the regulation, are factual inquiries that relate to the nature and sufficiency of the evidence to be developed at trial. (Doc. 41.)

While Defendant may have valid arguments, the Court finds that those arguments are currently premature because the factual record has yet to be developed in this case. *Sharp*, 438 F.3d at 1263. Defendant does not challenge the sufficiency of the Information, but instead asks the Court to go beyond the Information to weigh factual evidence that has not been introduced and tested at trial. While the Court acknowledges that some of Defendant's arguments are legal and not factual, those

legal arguments nevertheless turn on facts that must be established (or not) at trial. Accordingly, the Motion will be denied.

### IV. CONCLUSION

It is hereby **ORDERED** that Defendant Joshua Joseph Gray's Motion to Dismiss (Doc. 35) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on April 5, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE